Drake, Ch. J.,
delivered the opinion of the court:
By the 39th section of the Act of June 6, 1872, “ to reduce duties on imports, and to reduce internal taxes, and for other pur- ' poses” (17 Stat. L.,230, 256, ch. 315), it was enacted as follows:
“The Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, is hereby authorized to pay such sums, not exceeding in the aggregate the amount appropriated therefor, as may, ip his judgment, be deemed necessary for detecting and bringing to trial and punishment persons guilty of violating the internal-revenue laws, or conniving at the same,_ in cases where such‘'expenses are not otherwise provided for by law; and for this purpose there is hereby appropriated $100,000, or so much thereof as may be necessary, out of any money in the Treasury not otherwise appropriated.”
Under the authority of this provision the Commissioner of • Internal Revenue, on the 31st of July, 1873, issued the circular set out at large in the finding of facts, the portion of which material to this case is in these words:
“I do hereby, with the approval of the Secretary of the Treasury, offer for information given by persons other than officers of internal revenue, that shall lead to the detection and punishment of persons guilty of violating the internal-revenue laws, * * * such reward as the Commissioner of Internal Revenue may deem suitable, but in no case exceeding ten per centum of the net amount of the fines, penalties,'forfeitures, and taxes, which, by reason of said information, shall be recovered by suit or otherwise and actually paid to the United States, or of any sum which shall be accepted in compromise by the Commissioner of Internal Revenue, aud received by the United States. * * * The rewards hereby offered must be understood to be limited in their aggregate to the sums appropriated therefor, as above stated.”
In June, 1874, the claimant called on the Commissioner of Internal Revenue, and stated that he had information in his possession against certain railroad companies which had fraudulently withheld taxes due to the government, and asked the Commissioner what compensation would be given for the recovery upon such moneys as should be collected, in case the claimant gave such information to the Internal Revenue Bureau. The Commissioner replied: “Put in your information, and I *245 will pay you ten per cent, under my circular upon all moneys collected on account of suck information.” Tke claimant stated that that proposition ivas satisfactory, and that the information would be prepared and furnished at an early day. This was all that passed between the parties at the interview.
The claimant furnished information to the Commissioner against thirteen different railroad companies, one of which was the Milwaukee and Saint Paul Railroad; from which, through that information, was recovered the sum of $87,050.23.
The claimant claimed before the Commissioner of Internal Revenue ten per cent, on that sum, $8,705.02, as due to him as informer. That officer, however — a different person from him with whom the foregoing interview was had — fixed the reward at $5,000; which ivas approved by the Secretary of the Treasury ; and that amount was paid to the claimant, and he received it, so far as appears, without objection to its sufficiency, without any claim that he was legally entitled to more, and without any mention by him of the Commissioner’s predecessor having agreed to give him ten per cent. He now sues to recover $3,785.02, the unpaid remainder of the ten per cent., basing his right of recovery solely on the above conversation between him and the Commissioner; and he avers in his petition that that officer “then and there in explicit and unqualified terms' promised to pay or allow him a reward equal to ten per centum of all that should be recovered under and by virtue-of his information.”
We are unable to discover any merit in this claim.
In the first place, assuming — what we by no means admit— that the Commissioner made the alleged promise in “explicit and unqualified terms,” the promise could impose no obligation on the government unless it vas approved by the Secretary of the Treasury. The act in question says: “ The Commissioner of Internal Revenue, icith the approval of the Secretary of the Treasury, is hereby authorized to pay.” If the Commissioner could not pay without that approval, clearly he could not, without it, bind the government by a promise to pay.
In the next place, the contract of the government was expressed in the circular, which held out to informers sueh reward as the Commissioner of Internal Revenue may deem suitable,” not exceeding ten per cent. Whoever, under this circular, gave information entitling him to a reward, gave it *246 under a legal obligation to know and understand that his right was subject to these three conditions1. That the Commissioner should find that he had given information entitling him to the reward; 2. That the Commissioner should, in the first instance, declare what he deemed a suitable reward; and, 3. That the Secretary of the Treasury should approve the Commissioner’s judgment and action on both those points before the latter could lawfully pay the reward. That was the contract offered by the government in the circular, and it was accepted and agreed to by the claimant when he gave the information which earned the reward. He thereby agreed to take, in reward, whatever sum the Commissioner might “ deem suitable” and the Secretary should approve; and he has no legal right to anything more.
And finally, without a-word of objection or complaint, and without any reference to the alleged conversation, he received payment of the amount awarded him. As the Commissioner who made the award was a different person from him who held that conversation, it was incumbent on the claimant to make that matter known to him, if he wished to get the ten per cent, which he says was promised him. But while he claimed that rate of compensation, he was silent as to the antecedent promise, and, so far as appears, remained so for more than four years; when he broke his silence by bringing this suit. It would have beeu well had he never broken it; for not only was there no lawful promise to him, such as.he alleges, but, by his keeping silence at a time ivhen, if ever, he ought to have spoken, and by his unobjectingly receiving payment of what was awarded him, he effectually barred his own way to a recovery of any more here.
The claimant’s petition is dismissed.